UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 8:12-CR-219-T-27AEP

RUSSELL SIMMONS
_____/

## ORDER

**BEFORE THE COURT** is Defendant's *pro se* Motion for Further Reduction in Sentence (Dkt. 83) and the Government's opposition (Dkt. 86). The Court lacks jurisdiction and accordingly, the motion is DENIED.

After pleading guilty to wire fraud and aggravated identity theft arising from the filing of more than $8.9 million in fraudulent tax returns, Defendant was sentenced to 156 months on the wire fraud count, a consecutive term of 24 months on the aggravated identity theft count, and a three year term of supervised release. Pursuant to the Government's Motion to Reduce Defendant's Sentence Pursuant to Rule 35, based on substantial assistance, Defendant's 156 month sentence was reduced 126 months, consistent with the Government's recommendation (Dkt. 81).[1]

A district court can exercise jurisdiction to reduce a sentence only on motion by the Government, on motion by the Bureau of Prisons, or when a sentencing guideline range amendment has lowered the applicable sentencing range of a defendant. 18 U.S.C. § 3582(c); *United States v. Davis*, 303 Fed.Appx. 811, 813 (11th Cir. 2008). None of those circumstances are present. Even if this Court had jurisdiction, the motion would be denied.

The Government's response demonstrates that it complied with the plea agreement by

---

[1] To the extent the motion can be construed to seek reconsideration of the extent of the sentence reduction, the motion is untimely and otherwise denied.

-1-

considering Defendant's cooperation in *United States v. Davis* case and determining, in accordance with the U.S. Attorney's general guidelines, that the cooperation warranted a two level sentencing guidelines reduction. In his plea agreement, Defendant expressly agreed that the determination of whether his cooperation qualified as substantial assistance and what motion would be filed rested "solely with the United States," and that he "[would] not challenge that determination whether by appeal, collateral attack, otherwise" (Dkt. 62).[2] But that is precisely what his motion does.

The determination of whether a Rule 35(b) motion for reduction of sentence will be filed is reserved to the Government and the Court is precluded from intruding into that prosecutorial discretion. *United States v. Hubbard*, 368 Fed.Appx. 47, 48 (11th Cir. 2010), citing *United States v. Alvarez*, 115 F.3d 839, 841 (11th Cir.1997); *Wade v. United States*, 504 U.S. 181 (1992); *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993).

**DONE AND ORDERED** this 27th day of February, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Defendant, *pro se*
Counsel of Record

---

[2] Defendant's plea agreement provided, in pertinent part:

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons . . . *If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence* . . . *the defendant understands that the determination as to whether "substantial assistance" has been provided or **what type of motion** related thereto will be filed, **if any, rests solely with the United States Attorney** . . . and the defendant agrees that defendant cannot and **will not challenge that determination whether by appeal, collateral attack, or otherwise.***

(Dkt. 44, pp. 4-5, ¶ 9)(emphasis added).